STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. ERNEST H. ADDISON, RESPONDENT.
412 N.W.2d 855

Filed September 25, 1987. No. 87-201.

BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

This is an original disciplinary proceeding brought against Ernest H. Addison, a lawyer duly admitted and licensed to practice law in this state.

A formal charge against Addison was filed in this court on March 11, 1987, alleging his violation of Canon 1, DR 1-102(A)(1), (4), (5), and (6), and Canon 7, DR 7-102(A)(5), of

the Code of Professional Responsibility.

The referee appointed herein held a hearing on the matter, filed his report with findings of fact and conclusions of law, and has recommended that the court suspend the respondent from the practice of law for a period of 6 months.

It appears from the record that the charge in question arose out of an action filed in the district court for Douglas County, Nebraska, on behalf of plaintiff Joseph Medina. Medina had retained another attorney and respondent, Ernest Addison, to represent him in connection with injuries he sustained in an automobile accident that occurred in Omaha, Nebraska, on January 12, 1985. Medina was injured when a vehicle driven by Michael John Kozal collided with another vehicle driven by Susan Teresa Miyeno, which in turn struck Medina, a pedestrian at the time. As a result of the accident Medina was hospitalized at the Lutheran Medical Center in Omaha, Nebraska, and incurred expenses there totaling approximately $112,836.36. Kozal was insured by State Farm Automobile Insurance Company, with a policy limit of $100,000, and also by Sea Insurance Company, Ltd., with an umbrella liability policy having a limit of $1 million. Miyeno had a liability insurance policy with Allstate Insurance Company, having a limit of $50,000.

On November 5, 1985, respondent Addison visited the business offices of Lutheran Medical Center, where he met with Gregory Winchester, the business office manager for the hospital. Addison became aware at this meeting that Winchester was under the false impression that State Farm and Allstate were the only two companies whose policies were in force in connection with the accident. Rather than disclose the third policy, Addison negotiated for a release of the hospital's lien based upon Winchester's limited knowledge. Winchester agreed to release the lien in exchange for $45,000 of the State Farm settlement of $100,000, and an additional $15,000 if and when Medina settled with Allstate, plus another $5,000 if the settlement proceeds from Allstate exceeded $40,000. Subsequent to this agreement the hospital learned of the third policy, and thereafter informed the Sea Insurance Company that it did not consider the release binding, since it was obtained

by fraudulent misrepresentations made by respondent Addison.

In his report the referee found that the respondent had a duty to disclose to Winchester the material fact of the Sea Insurance Company policy and that his failure to do so constituted a violation of DR 1-102(A)(1) and (4). The referee also found that the respondent's act of omission in failing to correct Winchester's false impression constituted a violation of DR 7-102(A)(5).

Based upon the violations in this action and in light of the fact that respondent has previously been reprimanded by this court, *State ex rel. Nebraska State Bar Assn. v. Addison & Levy*, 198 Neb. 61, 251 N.W.2d 717 (1977), the referee recommended that respondent be suspended from the practice of law for a period of 6 months. Thereafter, the respondent filed a conditional admission with this court, acknowledging that his conduct constitutes a violation of DR 1-102(A)(1) and (4).

We believe that the referee was correct in his findings of fact and law and that the recommendation and consent thereto was proper. Accordingly, we enter a judgment of suspension for 6 months, said suspension to commence on December 1, 1987.

JUDGMENT OF SUSPENSION.